UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81035-CIV-MARRA

ALAN LESLIE and LYNNE LESLIE, on
behalf of themselves and all others similarly
situated,,

      Plaintiffs,

v.

CONSECO LIFE INSURANCE COMPANY,

      Defendant.

_____/

### OPINION AND ORDER

This cause is before the Court upon Plaintiffs Alan Leslie and Lynne Leslie's Motion for

Leave of Court (to conduct limited discovery) and Motion to Remand (DE 7). The motion is fully

briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully

advised in the premises.

### I. Background

Plaintiffs filed a three-count Complaint in the Circuit Court of the 15th Judicial Circuit in

and for Palm Beach County, Florida seeking class certification, injunctive relief, declaratory

judgment, damages, attorney's fees and costs. See Complaint. According to the allegations of the

Complaint, Defendant breached the terms of a Supplemental Medical Diagnostic and Outpatient

Expense Rider ("Rider") sold to Plaintiffs. Id. at ¶ 16. The Rider provided for an insured to be

paid a fixed percentage of "Covered Expenses" as defined by the Rider. DE 1-3 at 28-29 ("Copy

of Rider"). The Rider defined "Covered Expenses" as "the Reasonable Expenses actually

incurred by an Insured Person on the advice of a Physician for" nine enumerated categories. Id.

The Complaint alleges:

> Recently Defendant[] informed Plaintiffs and Class Members that the payment of
> such benefits would no longer refer to healthcare providers' actual charges but
> rather would refer to partial payments of those charges that the healthcare provider
> may have received from third-party payors such as Medicare, Medicaid, and third-
> party insurers thereby attempting to unilaterally create a 'new index' for
> performance under the [Rider].

Complaint at ¶ 22.

Defendant, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)

("CAFA"), removed the case to this Court on September 13, 2011. DE 1, p. 1 ("Notice of

Removal"). Attached to Defendant's notice of removal is an Affidavit of Barbara Alenduff and a

copy of Plaintiff's Complaint. Alenduff's Affidavit averred:

- Between January 1, 2006, and August 9, 2011, the undiscounted amount
  of charges submitted under the Rider for reimbursement totaled more than
  $27,600,000. If Conseco had paid 20% of such charges, it would have
  paid policyholders more than $5,500,000 for charges submitted during this
  time period.
- Conseco actually paid claims for charges under the Rider submitted
  between January 1, 2006, and August 9, 2011, of approximately
  $3,500,000.

DE 1, p. 2-4 ¶¶ 5-6 ("Original Alenduff Affidavit").

Although the approximate difference between 20% of the total submitted charges and the

amount actually paid is only $2,000,000, which is below the $5,000,000 jurisdictional

requirement of CAFA,[1] Alenduff also averred that the "present value of additional estimated

claims under the Rider through 2041 is approximately $3,084,000." Id. at ¶ 12.

On October 13, 2011, Plaintiffs filed their Motion for Leave of Court (to conduct limited

discovery) and Motion to Remand. DE 7. On November 23, 2011, the Court granted in Part

---

[1] See 28 U.S.C. § 1332(d)(2).

Plaintiffs' Motion, ordering the parties to file supplemental briefs with regard to amount in controversy.  DE 20.  In support of their brief in opposition to Plaintiffs' Motion, Defendant attached the deposition of Barbara Alenduff (DE 29-1), a new affidavit of Barbara Alenduff (DE 29-2), and an affidavit of Blake Westerfield with supporting exhibits (DE 29-3).  Defendant's Brief Regarding Amount in Controversy indicated that Alenduff's prior affidavit was incorrect. DE 29 at 2.  The Updated Alenduff Affidavit averred the following facts:

- Since January 1, 2006, the undiscounted amount of charges submitted for reimbursement under the Rider totaled $47,478,219, 20% of which is $9,495,643.
- The actual amount paid by Defendant for charges submitted under the Rider is $5,757,555.
- The total number of Riders in question was 390, 342 of which had a reimbursement of 20%, 25 at 40%, and 23 at an undetermined rate.
- The 25 Riders with a 40% reimbursement rate would result in an additional $718,833 of deficient payment under Plaintiffs proposed calculation of damages.
- The estimated damages resulting from deficient payments over the next year is approximately $506,330.

DE 29-2, ¶¶ 8-23 ("Updated Alenduff Affidavit").  The affidavit also provided calculations for estimated damages over the next five, ten, twenty, and thirty years. Id. at ¶¶ 22-23.  Although Plaintiffs submitted a Supplemental Brief on Jurisdictional Amount in Controversy (DE 30), Plaintiffs did not submit any evidence or affidavits in support of their claim.

## II.  Discussion

It is axiomatic that federal courts are courts of limited jurisdiction.  Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT&T

Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating

the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Where, as here, a

plaintiff's claims for damages are unspecified in the complaint, the "removing defendant must

prove by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

The sufficiency of the amount of controversy is determined at the time of removal.   Pretka v.

Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) (the Court "focuses on how much is

in controversy at the time of removal, not later").  "[T[he pertinent question is what is in

controversy in the case, not how much the plaintiffs are ultimately likely to recover."  Id. (quoting

Amoche v. Guarantee Trust Life Insurance Co., 556 F.3d 41, 51 (1st Cir. 2009)).  When a case has

been removed pursuant to paragraph one of 28 U.S.C. § 1446(b),[2] the moving party may provide

additional evidence to satisfy its burden.  Id. at 753-54.  That stated, a defendant may satisfy this

requirement without additional evidence if it is "facially apparent from the pleading itself that the

amount in controversy exceeds the jurisdictional minimum."  Roe v. Michelin North America,

Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks omitted).  "[A] removing

defendant is not required to prove the amount in controversy beyond all doubt or to banish all

uncertainty about it."  Pretka, 608 F.3d at 754.  In considering the allegations and evidence of the

parties, the Court may use "common sense" and make "reasonable deductions, reasonable

inferences, or other reasonable extrapolations."   Id. at 754, 770; see Roe, 613 F.3d at 1062

---

[2] The instant case was removed pursuant to the first paragraph of 28 U.S.C. § 1446(b); that is, within 30 days of service of the defendant being able to ascertain intelligently that the action is removable.  See Clingan v. Celtic Life Ins. Co., 244 F.Supp.2d 1298, 1302 (M.D. Ala. 2003).

("courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.")

The Court begins its analysis by noting that Plaintiffs do not present any challenges to Barbara Alenduff's credibility or her method for calculating damages. Pursuant to Alenduff's unrebutted affidavit, the estimated amount of damages allegedly incurred by Plaintiffs totals $4,456,921 through March 26, 2012, the date of her deposition. With regard to the deficiency for purposes of satisfying CAFA's jurisdictional threshold, Plaintiff relies on predicted future damages, attorneys' fees, and the value of injunctive relief.

This Court has held that it is appropriate to use damages calculated through a trial date for purposes of determining amount in controversy. See Morgan v. Sears, Case No. 12-60055-CIV, *2 (S.D. Fla. June 19, 2012); Messina v. Chanel, Inc., Case No. 10–24518–CIV, 2011 WL 2610521 * 2 (S.D. Fla. July 1, 2011). Other districts in this Circuit have reached the same conclusion. See Cashman v Host International, Inc., Case No. 8:10–CV–1197–T–30MAP, 2010 WL 4659399 * 1 (M.D. Fla. Nov. 9, 2010); Deel v. Metromedia Restaurant Svcs., Inc., No. 3:05CV120/MCR, 2006 WL 481667 * 3 (N.D. Fla. Feb. 27, 2006). Based on the formula articulated by Alenduff's Updated Affidavit, damages will reach CAFA's jurisdictional threshold of $5,000,000 in April 2013. See Updated Alenduff Affidavit, ¶ 22. Although a trial date has not yet been set by the Court, the Court concludes that trial will not be scheduled before April 2013. Accordingly, the Court concludes that Defendant has met its burden of establishing that Plaintiffs' expected damages through trial in this matter exceeds $5,000,000.

The Court further concludes that any discrepancy with regard to the date of trial for purposes of calculating damages is rendered moot by Plaintiffs' request for attorneys' fees and

costs.  See Complaint at Prayer for Relief 5.  The Eleventh Circuit has held that "When a statute

authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the

amount in controversy."  Morrisson v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000)

(citing Cohen v. Office Depot, 204 F.3d 1069, 1079 (11th Cir. 2000)).  Section 627.428(1), Florida

Statutes provides:

> Upon the rendition of a judgment or decree by any of the courts of this state
> against an insurer and in favor of any named or omnibus insured or the named
> beneficiary under a policy or contract executed by the insurer, the trial court or, in
> the event of an appeal in which the insured or beneficiary prevails, the appellate
> court shall adjudge or decree against the insurer and in favor of the insured or
> beneficiary a reasonable sum as fees or compensation for the insured's or
> beneficiary's attorney prosecuting the suit in which the recovery is had.

Therefore, the jurisdictional requirement is further satisfied by the potential for attorneys' fees

and costs to be awarded against Defendant.

The Court is not persuaded by Plaintiffs' argument that the Complaint alleges that

Defendant only "recently" denied Plaintiffs' and Class Members' payments of actual damages.

Plaintiff's Brief at 4.  The Court rejects this argument for two reasons.  First, Plaintiffs have not

defined, either now or in their Complaint, how recently they have been damaged.  Accordingly, in

the absence of any affidavit, evidence, or even claim as to the period Plaintiffs appear to be

claiming damages, Defendant properly relied on the appropriate statute of limitations for

determining the amount in controversy.  Second, the Complaint only uses the term "recently" to

describe when Plaintiffs were informed about Defendant's method for calculating the amount to

be paid under the Rider.  Defendant's evidence establishes that the practice outlined in Plaintiffs'

Complaint had been in place dating back to at least 2006.  Absent any evidence to the contrary,

the Court rejects Plaintiffs' arguments.

6

Because the amount in controversy through trial exceeds $5,000,000, the Court need not consider any other damages sought by Plaintiff for the purpose of determining amount in controversy.  The Court therefore denies Plaintiffs' Motion to Remand.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs Alan Leslie and Lynne Leslie's Motion for Leave of Court (to conduct limited discovery) and Motion to Remand (DE 7) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of September, 2012.

_____
KENNETH A. MARRA
United States District Judge